UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERRY VOTH,

    Plaintiff,

    v.

NANA K TRUCKING, INC., et al.,

    Defendants.

Case No. 23-2390-TC-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff Jerry Voth's ("Voth") Motion for Leave to Amend. (ECF 44.) By way of this motion, Voth seeks to amend his complaint to add or amend facts learned in discovery and to add a punitive-damages claim against defendant Razak Kyeremateng ("Kyeremateng"). The deadline for motions to amend the pleadings was January 31, 2024. (ECF 21, at 2, 6.). As explained below, the court grants the motion because Voth has demonstrated good cause to amend the complaint to add a claim for punitive damages.

**I.    LEGAL STANDARD**

When a party moves to amend after the scheduling order deadline, the moving party must (1) demonstrate good cause under Federal Rule of Civil Procedure 16(b)(4), and (2) satisfy the standards for amendment under Rule 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The moving party must show good cause for failing to move to amend prior to the cutoff date and for the length of time between learning of the new information warranting amendment and moving to amend. *See Birch v. Polaris Indus*., *Inc.*, 812 F.3d 1238, 1248 (10th Cir. 2015). Whether to grant a motion to amend is within the court's sound discretion. *Gorsuch*, 771 F.3d at 1240.

1

## II.     ANALYSIS

Voth has established good cause for failing to move to amend before the January 31 deadline to amend the pleadings. In his motion filed on June 11, Voth contends he did not have grounds for alleging wanton conduct warranting punitive damages until the deposition of Kyeremateng on May 16 and 17. (ECF 44.) Kyeremateng was the driver operating the semi-truck that allegedly ran a stop sign and slammed into Voth's vehicle at approximately 60 mph, causing Voth severe injuries. (ECF 1, at 1.) According to the motion, Kyeremateng testified at his deposition that he was distracted looking at his phone in the moments before the crash, but then also admitted to falling asleep after the crash while on scene and surrounded by police officers and further admitted to spoliating his phone sometime between when he answered an interrogatory indicating the phone was still in his possession and his deposition. (ECF 44, at 1.) Kyeremateng also admitted at his deposition to having advanced training and knowledge of the dangers of distracted driving and of driving fatigued. (*Id.* at 2.) Voth asserts that these new facts learned during Kyeremateng's deposition support a finding of wanton conduct and "requests to amend his complaint to so allege based on newly discovered evidence." (*Id.*)

Defendants Kyermateng and Nana K Trucking, Inc. oppose the amendment as untimely, maintaining that Voth knew of the facts supporting his punitive damages claim as early as December 27, 2023, when he deposed McPherson Sheriff's Office Captain Dean Scott ("Scott"). They contend that Scott testified at his deposition that Kyeremateng told him he "was lost and he was looking for directions" on his phone when the accident happened and that Voth asked Scott about an audio recording stating that Kyeremateng fell asleep after the accident, so Voth knew of both issues even before the amendment deadline but waited until June 11 to seek amendment of his complaint. (ECF 56, at 3.) Defendant GCubed Trucking, LLC ("GCubed") opposes the

amendment as futile because it does not contain sufficient facts or allegations that GCubed authorized or ratified Kyeremateng's conduct. (ECF 52.) For the reasons stated in Voth's reply (ECF 55), the court finds that the proposed amendment is neither untimely nor futile. Scott's testimony alone did not provide an adequate factual basis to amend by the scheduling-order deadline, and Voth did not unduly delay in filing his motion to amend once he learned of the new facts supporting his punitive damages claim during Kyeremateng's deposition. The court also finds that Voth has alleged enough facts to make a punitive damage claim plausible on its face. Accordingly, the court will allow the amendment.

**IT IS THEREFORE ORDERED** that plaintiff Jerry Voth's Motion for Leave to Amend (ECF 44) is granted. The court directs Voth to file his amended complaint (ECF 44-1) as a separate docket entry within five days of the date of this Memorandum and Order.

**IT IS SO ORDERED.**

Dated July 15, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
